IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

EDWARD L. BRIGHT, II, *et al.*,      )
            )
       **Plaintiffs,**      )
            )
    **vs.**          )      **Case No. 09-5014-CV-SW-RED**
            )
**UNITED STATES OF AMERICA,**      )
            )
       **Defendant.**      )

## ORDER

Before the Court are Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Jurisdiction (Doc. 11), and Plaintiff's Motion to Stay (Doc. 13). For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED** (Doc. 11), and Plaintiff's Motion to Stay is **DENIED** (Doc. 13).

## BACKGROUND

### I.    Factual Background

On May 3, 2002, the Burlington Northern and Santa Fe Railway (hereinafter "BNSF") filed a Notice of Exemption with the Surface Transportation Board (hereinafter "STB") seeking authority to abandon and discontinue service over a 28.25 mile stretch of rail line between milepost 343.55 in Columbus, Cherokee County, Kansas, and milepost 315.30 in Carthage, Jasper County, Missouri. On May 10, 2002, the City of Carl Junction and the Joplin Trail Coalition filed a joint request for the issuance of a Notice of Interim Trail Use (hereinafter "NITU") for the 15.93 mile segment of the right-of-way located between milepost 331.23 at the Missouri state line and milepost 315.30 near Carthage. BNSF filed a letter with the STB on June 12, 2002, stating it did not object to the JTC's request for issuance of a NITU. On June 21, 2002, the STB issued a decision and NITU for the

right-of-way.

The STB's decision and issuance of the NITU authorized the parties to negotiate a railbanking and interim trail use agreement, and provided that if such an agreement is reached within the 180 day negotiating period, interim trail use could be implemented, and if no such agreement was implemented then BNSF could abandon the line. BNSF and the JTC reached an agreement for the right-of-way located in Missouri, and that segment is now railbanked in accordance with the Trails Act and the terms of the NITU for trail use.

**II.     Procedural Background**

On June 12, 2008, Earleen Fauvergue filed suit against the United States in the Court of Federal Claims for an alleged taking of her property. Fauvergue sought to represent an opt-in class of "all those similarly situated land owners that own land abutting or underlying the railroad line" in Cherokee County, Kansas, and Jasper County, Missouri. *Fauvergue v. United States*, 86 Fed. Cl. 82, 86 (Fed. Cl. 2009). Fauvergue filed her action only nine days prior to expiration of the six-year statute of limitations outlined in 28 U.S.C. § 2501. As of June 21, 2008, the day the statute of limitations expired, Fauvergue was the sole named plaintiff , and no other plaintiffs had opted-in to the class action.

On September 12, 2008, Fauvergue attempted to amend her complaint to add fifteen newly named party plaintiffs. *Fauvergue*, 86 Fed. Cl. at 87. The United States opposed the amended complaint on the grounds that the statute of limitations had expired as to the putative class members. On December 11, 2008, the Court of Federal Claims granted the motion to amend "with the caveat that the newly named parties would be added provisionally to the complaint and would be potentially vulnerable to a subsequent motion to dismiss filed by [the United States]." *Id.* After the

court granted leave to amend, the United States moved to dismiss the newly named plaintiffs and all other putative class members who failed to opt-in before June 21, 2008, on the grounds that the six year statute of limitations expired on that date, and the filing of the class action did not toll the limitations period for the plaintiffs who failed to timely opt-in. On February 24, 2009, the Court of Federal Claims dismissed all of the plaintiffs' claims except Fauvergue's as time barred under § 2501.[1]

On February 27, 2009, the Court of Federal Claims entered final judgment on the dismissed plaintiffs' claims. That same day, the dismissed plaintiffs appealed the *Fauvergue* court's ruling to the Federal Circuit, and also filed class actions in both this Court and the District of Kansas under the Little Tucker Act for the alleged taking of their property by operation of the Trails Act. The United States moved to dismiss both actions as time-barred under 28 U.S.C. § 2401, the statute of limitations applicable to Plaintiffs' claims in federal district court. On February 17, 2010, the District of Kansas dismissed the claims of the former *Fauvergue* plaintiffs living in Kansas as time-barred. *Evans v. United States*, No. 09-2096-KHV, 2010 WL 561736, at *4 (D. Kan. Feb. 17, 2010).

## ANALYSIS

In this case, Plaintiffs seek recovery from the United States for the alleged taking of their ownership interest in a railroad right-of-way located in Jasper County, Missouri. A landowner whose property has been taken by operation of the Trails Act may bring an action in either the

---

[1]

       The premise of dismissal was that the Supreme Court found in *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008), that § 2501 was jurisdictional in nature and "more absolute and rigid than other statutes of limitation," and "can[not] be extended through equitable tolling or equitable considerations." *Fauvergue*, 86 Fed. Cl. at 92-93. The *Fauvergue* court further found that Rule 23 of the Court of Federal Claims, which allows opt-in class actions, was not statutory and was not incorporated by reference into § 2501, and therefore the "putative class members [we]re not able to use statutory tolling to allow them to opt into a class action filed under [Rule 23 of the Court of Federal Claims] after 28 U.S.C. § 2501 expire[d]." *Id.* at 93.

United States Court of Federal Claims under the Tucker Act, 28 U.S.C. § 1491, *et seq.*, or in the United States District Court under the Little Tucker Act, 28 U.S.C. § 1346, *et seq. See Orff v. United States*, 545 U.S. 596, 603 (2005) ("The Little Tucker Act grants district courts original jurisdiction, concurrent with the Court of Federal Claims, over 'any civil action or claim against the United States, not exceeding $10,000 in amount."). Claims in district courts under the Little Tucker Act are subject to 28 U.S.C. § 2401, which provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." *See* 28 U.S.C. § 2401(a). "[A] Trails Act taking begins and a takings claim accrues, if at all, on issuance of the [Notice of Interim Trail Use, or 'NITU']." *Barclay v. United States*, 443 F.3d 1368, 1373 (Fed. Cir. 2006)

In this case, the parties agree that the NITU was issued and Plaintiffs' claims accrued on June 21, 2002. Therefore, in order for their claims to be timely under § 2401, Plaintiffs must have filed their class action on or before June 21, 2008. Plaintiffs filed this action on February 27, 2009, more than eight months after the statute of limitations expired. Absent tolling of § 2401, Plaintiffs concede their claims are untimely. *See* Pls.' Resp. to Def.'s Mot. to Dismiss at 6 n.7. However, Plaintiffs argue § 2401 was tolled when Earleen Fauvergue filed her opt-in class action in the Court of Federal Claims on June 12, 2008. Plaintiffs' argument is predicated on the Supreme Court's holdings in *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974) and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983). In *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), "the Supreme Court held that an applicable statute of limitations is tolled during the pendency of a class action for putative class members who intervene after the denial of class certification--at least where certification is denied for failure to meet the numerosity requirement of Rule 23 of the Federal

Rules of Civil Procedure." *Great Plains Trust Co. v. Union Pacific R.R. Co.*, 492 F.3d 986, 997 (8th Cir. 2007) (citing *American Pipe & Constr. Co.*, 414 U.S. at 552-52). The Supreme Court expanded the *American Pipe* tolling rule in *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983), where it declared that "class members may choose to file their own suits or to intervene" as plaintiffs in the pending action after class certification has been denied. *See Crown, Cork & Seal Co.*, 462 U.S. at 354. Plaintiffs argue that even though they did not attempt to "opt-in" to the class action in the Court of Federal Claims before the statute of limitations expired on June 21, 2008, the Supreme Court's holdings in *American Pipe* and *Crown, Cork & Seal* operated to toll the relevant statutes of limitation from the moment Earleen Fauvergue filed the complaint in the Court of Federal Claims on June 12, 2008, through dismissal of their claims on February 24, 2009. As such, Plaintiffs argue that when their claims were dismissed on February 24, 2009, the tolling of the limitations period left them nine days to file a subsequent action. Since the present action was filed on February 27, 2009, Plaintiffs claim this action is not time-barred under § 2401.

While the Supreme Court has held that "[o]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied," the *American Pipe* and *Crown, Cork & Seal* tolling rule "does not toll the limitations period for additional class actions by putative members of the original asserted class." *Andrews v. Orr*, 851 F.2d 146, 149 (6th Cir. 1988) (finding that a class action tolls the statute of limitations only for subsequent individual actions, not for subsequent class actions brought by a similar class and alleging similar claims); *see also Basch v. Ground Round, Inc.*, 139 F.3d 6, 11 (1st Cir. 1998), *cert. denied* 525 U.S. 870 (1998) ("[E]ach court of appeals to address the question has ... rejected efforts by late plaintiffs to resuscitate their claims through stacking of subsequent class actions."); *Salazar-Calderon v. Presidio*

*Valley Farmers Ass'n*, 765 F.2d 1334, 1351 (5th Cir. 1985), *cert. denied* 475 U.S. 1035 (1986) ("Plaintiffs have no authority for their contention that putative class members may piggyback one class action onto another and thus toll the statute of limitations indefinitely...").

In this instance, the Court of Federal Claims dismissed Plaintiffs' claims as time-barred under 28 U.S.C. § 2501, the applicable statute of limitations to Plaintiffs claims in that court. Despite being individually time-barred from proceeding in the Court of Federal Claims, Plaintiffs now seek to assert the same claims through a new class action in this Court in spite of an identical statute of limitations relevant to their claims in this Court, 28 U.S.C. § 2401. After review of the relevant authority, the Court finds no precedent that would allow Plaintiffs to proceed in such a manner.[2] *See also Evans*, 2010 WL 561736, at *4. Plaintiffs did not file their claims in federal district court until well after the statute of limitations expired, and the proceedings in the Court of Federal Claims did not toll 28 U.S.C. § 2401. *Id.*; *Andrews*, 851 F.2d at 149; *see also Ware v. United States*, 57 Fed. Cl. 782, 787 (Fed. Cl. 2003) ("The statute of limitations does not stop running for one forum when the claimant chooses another."); *Aulston v. United States*, 823 F.2d 510, 514-15 (Fed. Cir. 1987) (noting that the pendency of a district court challenge does not suspend the statute of limitations for

---

[2]

In their response to Defendant's motion to dismiss, Plaintiffs cite *Yang v. Odom*, 392 F.3d 97, 104 (3d Cir. 2004), as support for their position that their claims were timely filed in the Court of Federal Claims, and that the "timeliness of the Complaint is not changed by the fact that the class-action Complaint was originally filed in the CFC and not this Court." In a parenthetical, Plaintiffs claim *Yang* stands for the proposition that "filing originally in the District of Georgia and then subsequently filing in the District of New Jersey after the denial of class certification did not prevent the application of *American Pipe* tolling." Plaintiffs ignore, however, that the Court of Federal Claims dismissed their claims as untimely in the *Fauvergue* action. *See Fauvergue*, 86 Fed. Cl. at 102. Plaintiffs also ignore the language in *Yang* wherein the Third Circuit "agree[d] with the *Korwek* line of cases insofar as they refused to toll limitations periods for substantively identical class actions in which the earlier putative class was denied certification because the substantive claims were inappropriate for class treatment." *Yang*, 392 F.3d at 104. The *Yang* holding stands only as a narrow exception to the general rule that *American Pipe* tolling does not allow the filing of a subsequent class action when class certification was denied in an earlier suit, in that *Yang* held *American Pipe* tolling applies "where class certification has been denied solely on the basis of the lead plaintiffs' deficiencies as class representatives, and not because of the suitability of the claims for class treatment." *Id.* at 111. The *Yang* exception is inapplicable under the present circumstances.

claims in Court of Federal Claims).  Accordingly, Plaintiffs claims are time-barred by § 2401, and must be **DISMISSED**.

## <u>CONCLUSION</u>

For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED** (Doc. 11), and Plaintiff's Motion to Stay[3] is **DENIED** (Doc. 13).

**IT IS SO ORDERED**.

DATED:   March 23, 2010 <u>/s/ Richard E. Dorr</u>
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT

---

[3] Plaintiffs' motion to stay seeks to stay the case pending resolution of the appeal in *Fauvergue*.  However, the specific issues in this case are different than those before the Federal Circuit in *Fauvergue*.